# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| ALEXANDER DEVOID,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

## Preliminary Statement

1. The United States Citizenship and Immigration Services (USCIS) maintains a database called the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) to "maintain information on visas granted to victims of human trafficking (U visas and T visas) . . . ."[1]

2. Another Department of Homeland Security (DHS) source describes it as "a centralized case management system and tracking database to support the processing of immigration petitions under the Victims of Trafficking and Violence

---

[1] Office of Inspector General, *Testimony of Inspector General John Roth: "The Security of U.S. Visa Programs,"* at 5 (March 15, 2016) available at https://www.oig.dhs.gov/sites/default/files/assets/TM/2016/OIGtm-JR-031516.pdf.

1

Protection Act of 2000 (VTVPA). HAVEN specifically tracks adjudicative actions taken on T and U nonimmigrant visas."[2]

3. HAVEN stores information on principal and derivative noncitizen applicants, including:

> full name, I-94 number, A-number, class expiration date, country of birth information, class of admission, date of birth, date and place of last entry, gender, marital status, SSN, form number, immigration status, address, valid to/from dates, citizenship information, immigrant/nonimmigrant status code, family information, case status information, FBI Number, State Identification (SID) Number, and description of the crime. [3]

4. In a supporting statement from the then-Chief of USCIS's Regulatory Products Division,[4] HAVEN is described as:

    a. a web-based application that supports the Vermont Service Center.

    b. Facilitates the processing of Victims of Trafficking and Violence Protection Action (VTVPA) petitions.

    c. Is a centralized repository of data for workflow management and production evaluation providing visibility into the processing of VTVPA cases. As a case management system, HAVEN streamlines workflow

---

[2] Department of Homeland Security, "Privacy Impact Assessment for the Standard Management Analysis Reporting Tool," at 17 (Aug. 27, 2013) available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-smart-20130827.pdf.
[3] *Id.* at 21.
[4] Sunday Agibe, Regulatory Products Division, *Supporting Statement Petition for Qualifying Family Member of a U-1 Nonimmigrant Form I-929*, USCIS (Date Unknown) available at https://downloads.regulations.gov/USCIS-2009-0010-0022/content.doc.

2

Case 1:25-cv-00423   Document 1   Filed 11/26/25   Page 2 of 12

processing, notice generation and reporting for Adjudication Officers (AO) at the Vermont Service Center.

  d. Provides for the intake, receipting, and tracking of petitioner information through automated data processing.

  e. Allows the Adjudication Officers (AO) to efficiently adjudicate cases through a user-friendly interface.

5. Similarly, a publicly available attachment to an undesignated contract (presumably from USCIS) described HAVEN utilization "for data entry, adjudication, customer service, and reporting for the T and U visa program. At a minimum, HAVEN will support the current business process and add selected improvements to data access, data searching and data reporting with an emphasis on the reduction of duplicate work."[5]

6. According to a 2011 USCIS draft Privacy Impact Assessment (PIA) for HAVEN, it confirms that HAVEN is a "web-based application that supports the Vermont Service Center" and retains data elements that "include the self-petitioner's name, safe address, gender, marital status, country and date of birth, country of citizenship, passport number, passport issue date, passport issue place, I-94 number, date of last entry, place of last entry, current status and the HAVEN User ID. . . Case status is shared with Immigration and Customs Enforcement."[6]

---

[5] Attachment 4 – Definitions and Acronyms (Last visited Nov. 11, 2025) available at https://imlive.s3.amazonaws.com/Federal%20Government/ID550828992027623098897751160247394 18094/PWS%20Attachment%2004_Definitions%20and%20Acronyms_Final.pdf.
[6] USCIS, DHS, *Privacy Impact Assessment for the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN)* at 2 (March 11, 2011), https://www.reginfo.gov/public/do/DownloadDocument?objectID=24568701.

7. The HAVEN system also includes "Regular and flexible multi-variable selection report generation." The draft PIA also states that the HAVEN system utilizes Microsoft SQL Server 2005 Enterprise Edition to "manage, analyze and produce data such as reports for specific database size and performance."[7]

8. The PIA also states that HAVEN was scheduled to be released in October 2011.[8] Upon information and belief, USCIS has not made a publicly available final version of this document nor any subsequent updates or revisions to it.

9. Beyond the aforementioned, there is very little, if any, publicly available information regarding HAVEN, including how the data it contains is used by USCIS and DHS generally, including ICE.

10. Understanding how HAVEN data is utilized is critical to maintaining public transparency regarding the processing of humanitarian visas for victims of human trafficking and crime, as well as how that data is used and shared with other federal agencies.

11. Plaintiff Alexander Devoid (Devoid) seeks a declaration that Defendant has improperly withheld records that will shed light on HAVEN and seeks declaratory and injunctive relief requiring Defendant to immediately process and release the requested records.

---

[7] *Id.* at 6.
[8] *Id.* at 15.

12. This action is brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain improperly withheld records concerning the HAVEN Database.

13. Pursuant to a FOIA request, Plaintiff seeks records from Defendant. Defendant has failed to adequately acknowledge Plaintiff's FOIA request, as required by law, and has otherwise failed to adequately respond to Plaintiff's FOIA request, in violation of the Act.

## **JURISDICTION AND VENUE**

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Plaintiff's request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(F), 701-06 and 28 U.S.C. §§ 1331, 2201(a), and 2202.

15. Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1) as the place where Plaintiff resides.

16. Plaintiff has constructively exhausted all administrative remedies in connection with his FOIA request, as detailed below.

17. Under FOIA, this court may retain jurisdiction and allow Defendant USCIS additional time to complete the processing of Plaintiff's FOIA requests if, *and only if*, the government can demonstrate that exceptional circumstances exist and its due diligence in responding to Plaintiff's request. Because Defendant can demonstrate neither, this Court has jurisdiction to declare unlawful the agencies' withholdings and order immediate production of records unlawfully withheld.

5

18. Because Plaintiff brings this action after constructively exhausting administrative remedies, this Court's jurisdiction is based on 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(A)(i).

## PARTIES

19. Plaintiff Devoid is an independent investigative journalist and data reporter who gathers, writes about, and disseminates information of potential interest to the public and relies on government records as a primary authoritative source of information. Plaintiff's work is featured in several publications, including ProPublica, the Arizona Daily Star, and The Arizona Republic.

20. Plaintiff filed his request with Defendant USCIS, an arm of DHS, and is an agency within the meaning of 5 U.S.C. § 552(1)(f). USCIS has possession, custody, and control of records responsive to Plaintiff's request.

21. Plaintiff seeks a declaration that Defendant USCIS has improperly withheld records that will shed light on USCIS's use of the HAVEN database.

## FACTS

22. On February 16, 2021, Plaintiff Devoid submitted a proper FOIA request to USCIS via its online platform, seeking records from USCIS regarding HAVEN and asking for a fee waiver. USCIS assigned it a control number of COW2021000640 and granted Plaintiff's fee waiver. USCIS's acknowledgement letter are attached as Exhibit A.

23. Specifically, his request sought information relating to the names of all tables and all columns of all databases stored within HAVEN, including all manuals or data dictionaries associated with HAVEN. *See id.*

6

24. After waiting over four years, USCIS purportedly responded to Plaintiff's request, releasing records. According to USCIS's publicly available Chief FOIA Officer's Weekly Report, USCIS claimed to have released "432 pages of records pertaining to the [HAVEN] system. Portions of the release were withheld pursuant to FOIA Exemption 6" on April 30, 2025. *See* DHS Privacy Office, Freedom of Information Act (FOIA) Activity for the Week of April 4th, 2025-April 30, 2025 at 75.[9]

25. However, before Plaintiff could access and download the records (having yet to receive notice directly from USCIS to do so), on July 31, 2025, Plaintiff Devoid received a completely contradictory decision from USCIS denying his request "<u>in its entirety</u>" under FOIA exemptions (b)(5) and (b)(7)(E). (emphasis added). USCIS's total denial of Plaintiff's request is attached as Exhibit C.

26. As described by USCIS in its denial letter, exemption (b)(5) "provides protection for inter-agency or intra-agency memorandums or letters . . . [which] may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client." *See* Ex. C.

27. Defendant USCIS described exemption (b)(7)(E) as providing "protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or

---

[9] Available at https://www.dhs.gov/sites/default/files/2025-07/25_0731_PRIV_Chief_FOIA_Officers_Weekly_Report_March_31_25_to_June_30_25.pdf. The relevant page of the FOIA Report is attached as Exhibit B.

prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

28.   USCIS's denial letter to Plaintiff made no mention of exemption 6 or any other applicable FOIA exemption beyond (b)(5) and (b)(7)(E).

29.   On October 13, 2025, Plaintiff timely appealed USCIS's denial of his request. USCIS received the appeal and assigned it a tracking number of APP2025012983REQ. According to USCIS, its estimated completion date to decide Plaintiff's appeal is January 29, 2026. Plaintiff's appeal and appeal status are attached as Exhibit D.

30.   Under FOIA, an agency has 20 working days to make a determination on a requestor's appeal and no more than 30 working days in "unusual circumstances." Once the statutory deadline has passed, the appeal and its underlying request are considered constructively denied, and the requestor has exhausted his administrative remedies. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(B)(i). (a)(6)(C)(i).

31.   At the time of this filing, Defendant has not decided on Plaintiff's appeal, nor requested any additional information from Plaintiff, and therefore Plaintiff has constructively exhausted his administrative remedies with respect to his request.

//

//

//

## CLAIMS FOR RELIEF
### COUNT I
### VIOLATION OF 5 U.S.C. § 552(a)(6)
### FAILURE TO MAKE A DETERMINATION ON APPEAL

32. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

33. Defendant has failed to make a determination on Plaintiff's appeal within the statutory timeframe.

34. Defendant has failed to adjudicate Plaintiff's appeal.

35. No legal basis exists for Defendant's failure to comply with its statutory obligations with respect to Plaintiff's request and appeal.

36. Defendant USCIS's failure to substantively respond to Plaintiff's appeal within the timeframe allowed by the law violates FOIA.

37. Because Defendant USCIS has failed to comply with FOIA's time limits, Plaintiff has constructively exhausted his administrative remedies.

### COUNT II
### VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
### IMPROPER WITHHOLDING OF AGENCY RECORDS

38. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

39. Defendant USCIS is a government agency subject to FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by FOIA.

40. Defendant's complete denial of Plaintiff's request constitutes unlawful withholding under FOIA.

41. Defendant has failed to consider whether partial disclosure of information is possible whenever the agency determines the full disclosure of records is not possible and has failed to take reasonable steps necessary to segregate and release nonexempt information to Plaintiff.

42. Defendant USCIS's failure to make reasonable and timely efforts to release responsive agency records constitutes an unlawful withholding under FOIA that this Court can and should remedy through a declaration and injunction.

## COUNT III
## VIOLATION OF 5 U.S.C. § 552(a)(3)
## FAILURE TO PROMPTLY RELEASE RECORDS

43. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

44. Upon request, an "agency . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

45. Defendant has violated this provision by failing to make records promptly available to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment on all counts in favor of Plaintiff and against Defendant.

b. Declare that Defendant's failure to make a determination on Plaintiff's appeal within the statutory timeframe violates FOIA.

c. Declare Defendant's withholdings under FOIA improper and enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA request.

d. Declare Defendant's failure to promptly release records to Plaintiff violates FOIA.

e. Order Defendant to make a determination on Plaintiff's appeal as required by FOIA.

f. Order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to Plaintiff's FOIA request, all segregable records responsive to said request, and provide indices justifying the withholding of any responsive records under a FOIA exemption.

g. Order Defendant to determine which, if any, portions of records responsive to Plaintiff's request are in fact exempt and justify the exemption, and require Defendant to release the remaining portions of the agency records.

h. Award Plaintiff reasonable costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A).

i. Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Dated: November 26, 2025.  By: /s/ Daniel Melo

Daniel Melo
The Melo Law Firm
NC Bar # 48654
2920 Forestville Road, Ste 100

PMB 1192
Raleigh, NC 27616
Tel: (919) 348-9213
dan@themelolawfirm.com
*Pro Bono Counsel For Plaintiff*