IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-CV-423-MOC-WCM

ALEXANDER DEVOID

     Plaintiff,

     v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

     Defendant.

**UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS OR,
IN THE ALTERNATIVE, FOR MOTION FOR SUMMARY JUDGMENT**

The United States has moved this Court for judgment on the pleadings under

Federal Rule of Civil Procedure 12(c) because Plaintiff Alexander Devoid's claims

are now moot and there is no longer a case and controversy. The United States has

also moved this Court, in the alternative, for summary judgment under Federal

Rule of Civil Procedure 56 because there exists no genuine issue of material fact

and the United States is entitled to judgment as a matter of law. For the reasons

described below, this Court should grant the United States' motion for judgment on

the pleadings or its motion for summary judgment and enter judgment in favor of

the United States and against Plaintiff Alexander Devoid.

1

# BACKGROUND

**A.      USCIS's FOIA operating procedures.**

Each year, the United States Citizenship and Immigration Services (USCIS) processes hundreds of thousands of requests for records under the Freedom of Information Act, 5 U.S.C. § 552.  In Fiscal Year 2024, for example, USCIS received 555,838 FOIA requests.  Department of Homeland Security, *Fiscal Year 2024 Freedom of Information Act Report* (*2024 Report*) at 16.[1]  That same year, USCIS processed 551,640 FOIA requests.  *Id.*  The agency also received more than 5,100 administrative appeals in Fiscal Year 2024 and processed more than 4,200 of those appeals during that same year.  *Id.* at 20.

The number of FOIA requests USCIS received in Fiscal Year 2024 increased by more than 160,000 when compared with the number of FOIA requests received in Fiscal Year 2023.  *Id.* at 33.  Administrative appeals filed increased by more than 900 from Fiscal Year 2023 to Fiscal Year 2024.  *Id.* at 20.  Yet USCIS resolved those appeals in an average of 15 days.  *Id.* at 22.  As of the end of Fiscal Year 2024, USCIS employed nearly 500 full-time staff devoted to FOIA requests.  *Id.* at 29. The agency did not collect any fees for processing more than 500,000 FOIA requests. *Id.*

Because of the overwhelming number of FOIA requests USCIS receives and the need to process those requests as fairly and expeditiously as possible, the

---

[1] Available at https://www.dhs.gov/sites/default/files/2025-05/0505_25-PRIV-FOIA-Annual-Report-FY-2024-PDF.pdf.

agency has adopted two policies:  First, the agency "has adopted a multi-track system of processing; second, USCIS "has adopted a policy of processing such requests on a first-in/first-out basis" within each of those tracks.  Panter Decl. ¶ 6 attached as Exhibit 1; *2024 Report* at 7–8.  USCIS designates FOIA requests as "simple," "complex," or "expedited."  *See 2024 Report* at 24.  Most FOIA requests for information from USCIS are simple requests for immigration records in an individual's Alien File (A-file).  Panter Decl. ¶ 7.  But USCIS also receives a "significant volume" of requests seeking voluminous records, such as agency policy documents.  *Id.*  USCIS's FOIA office was able to process simple FOIA requests within an average of 10 days.  *Id.*  Complex FOIA requests required an average of 19 days to process, but some complex FOIA requests required more than three years.  *See id.*

### B.    Devoid submits a FOIA request.

In February of 2021, Devoid submitted a request to the United States Citizenship and Immigration Services (USCIS) for records under the Freedom of Information Act, 5 U.S.C. § 551 *et seq.*  Panter Decl. ¶ 8; Exh. A to Panter Decl. Devoid asked for "[t]he names of all tables and all columns of all databases stored within the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) system, including all manuals or data dictionaries associated with the HAVEN system."  *Id.*  USCIS acknowledged receipt of Devoid's FOIA request three days later.  Panter Decl. ¶ 9; Exh. B to Panter Decl.

3

After reviewing Devoid's FOIA request, the USCIS FOIA office asked its Service Center Operations Directorate, known as SCOPS, to conduct a search responsive to Devoid's records request. Panter Decl. ¶ 10. The Service Center Operations Directorate determined that the HAVEN system was decommissioned in 2015. *Id.* ¶ 11. But the agency was eventually able to find manuals for the decommissioned HAVEN system in archived records. *Id.* ¶¶ 11–12.

USCIS initially located 432 pages of manuals related to the decommissioned HAVEN system, but in late July of 2025, the agency denied Devoid's FOIA request in full, citing exemptions under 5 U.S.C. § 552(b)(5) and (b)(7)(E). Panter Decl. ¶¶ 13–14; Pl. Compl., ECF No. 1, Exh. C. Devoid filed an administrative appeal of that denial in October of 2025. Pl. Compl., ECF No. 1, Exh. D.

### C.    Devoid files this action against USCIS.

Less than six weeks after Devoid appealed the denial of his FOIA request, he filed this action. Pl. Compl., ECF No. 1. Devoid asserts three causes of action under the Freedom of Information Act. *Id.* at 9–10. First, Devoid alleges that USCIS "has failed to make a determination" on his appeal "within the statutory timeframe," in violation of 5 U.S.C. § 552(a)(6). *Id.* at 9. Second, Devoid alleges that USCIS has unlawfully withheld the requested records and failed to "take reasonable steps necessary to segregate and release nonexempt information" to him, in violation of 5 U.S.C. § 552(a)(4)(B). *Id.* at 9–10. Third, Devoid alleges that USCIS failed "to make records promptly available" to him, in violation of 5 U.S.C. § 552(a)(3). *Id.* at 10.

4

In his complaint, Devoid asks this Court to declare that USCIS violated FOIA by failing to decide his appeal "within the statutory timeframe," by failing to promptly release records to him, and by withholding records from Devoid. *Id.* at 10. Devoid asks this Court to enjoin USCIS from continuing to withhold records responsive to his FOIA request. *Id.* at 11. Devoid asks this Court further to order USCIS to decide his appeal, to produce all non-exempt records responsive to his FOIA request, and to "provide indices justifying the withholding of any responsive records under a FOIA exemption." *Id.* Devoid also asks this Court to award him reasonable costs and attorney's fees. *Id.*

**C. Before the United States files its Answer, USCIS produces all records responsive to Devoid's FOIA request, with limited redactions required by FOIA exemptions.**

On March 17, 2026, USCIS produced all of the HAVEN records responsive to Devoid's FOIA response. Panter Decl. ¶ 15; FOIA 3/17/26 Release Ltr. attached as Exhibit 2. The agency redacted part or all of the information on 33 of the 432 pages of records. Panter Decl. ¶ 15; *Vaughn* Index, Panter Decl. Exh. G (*Vaughn* Index). USCIS withheld employees' email addresses and phone numbers under FOIA's Exemption 6, *see* 5 U.S.C. § 552(b)(6). Panter Decl. ¶ 17; Exh. 2. That exemption protects "personnel and medical files and similar files" where the disclosure "would constitute a clearly unwarranted invasion of personal property." Panter Decl. ¶ 17; Exh. 2. Applying this exemption, USCIS determined that USCIS employees had a strong privacy interest in their personal contact information and that there was no

5

public interest in the information because it did "not in any way shed light on how the agency is performing its duties." Panter Decl. 17.

USCIS also redacted information on three pages of the produced records under FOIA's exemption 7(E). *Vaughn* Index; *see* 5 U.S.C. § 552(b)(7)(E). This exemption requires the redaction of records compiled for a law-enforcement purpose and which "would disclose techniques and procedures" or "guidelines" for law enforcement investigations or prosecutions, "if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The information USCIS redacted on pages 268, 305, and 306 of the produced records "describes technical specifications for how USCIS systems interaction with a relationship database management system that USCIS uses as part of its enforcement responsibilities under the Immigration and Nationality Act." Panter Decl. ¶ 21. Although the HAVEN system has not been used in more than 10 years, the "type of coding" is still used with active USCIS database systems, risking the possibility that an outside user could "develop coding to interfere with the security of USCIS systems." *Id.* Such interference would hinder "USCIS's ability to enforce immigration laws, so the agency redacted the information." *Id.*

Nearly six weeks after USCIS produced the records requested by Devoid, the United States filed its answer. Def. Answer, ECF No. 13. In addition to denying all allegations of wrongdoing, USCIS asserted that this Court lacks subject-matter jurisdiction over any of Plaintiff's requests that exceeds the relief authorized by FOIA. *Id.* at 8. USCIS also reserved "the right to assert every affirmative or other

6

defense that may be available, including any defenses available pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure." *Id.* at 9.

A week ago, on June 4, USCIS released to Devoid one of the pages it had previously withheld. FOIA 6/4/26 Supp. Release Ltr. attached as Exhibit 3. The agency explained that it was releasing this page after completing a "re-review of pages" previously withheld. *Id.*

## ARGUMENT

**I. This Court should grant the United States' motion for judgment on the pleadings because Devoid's claims are moot and no live case or controversy exists.**

### A. Rule 12(c) standard

Federal Rule of Civil Procedure 12(c) authorizes a district court to enter judgment in favor of a party after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### B. Agency disclosure responsibilities under the Freedom of Information Act

The Freedom of Information Act "was passed 'to establish a general philosophy of full agency disclosure and assure the availability of Government information necessary to an informed electorate.'" *Empower Oversight Whistleblowers & Res. v. Nat'l Inst. of Health*, 122 F.4th 92, 100 (4th Cir. 2024)

7

(quoting *Coleman v. DEA*, 714 F.3d 816, 818 (4th Cir. 2013)). Consistent with that purpose, FOIA requires agencies, upon any request for records which reasonably describes such records and otherwise complies with FOIA's request procedures, to make those records available. 5 U.S.C. § 552(a)(3)(A).

At the same time, "because public disclosure is not always in the public interest, the statute contains nine exemptions that reflect a wide array of concerns and are designed to safeguard various public interests against the harms that would arise from overbroad disclosure." *Am. Mgmt. Serv., LLC v. Dep't of the Army*, 703 F.3d 724, 728–29 (4th Cir. 2013) (cleaned up). "FOIA exemptions are to be narrowly construed." *FBI v. Abramson*, 456 U.S. 615, 630 (1982). And the United States has "[t]he burden of demonstrating that a requested document falls under an exemption." *Hunton & Williams v. DOJ*, 590 F.3d 272, 277 (4th Cir. 2010).

"[T]he government's showing," however, "is to be measured by a standard of reasonableness, which takes into account the lack of certainty in attempting to predict harm while providing an objective test." *Zaid v. Dep't of Justice*, 96 F.4th 697, 704 (4th Cir. 2024). The United States satisfies its burden when it describes "the withheld material with reasonable specificity" and explains "how it falls under one of the enumerated exemptions." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004). Additionally, the agency does not need to establish that an exemption applies "to each record withheld." *Zaid*, 96 F.4th at 704. "The Supreme Court has held that the exemption may be invoked on a categorical or 'generic' basis by grouping records into categories and explaining how each category would

8

generally interfere with enforcement proceedings." *Id.* (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223–24 (1978)). "Whether a document falls within a prescribed exemption" is "a question of law." *Am. Mgmt. Serv.*, 703 F.3d at 729.

Upon its receipt of a request for records, an agency has 20 working days to determine "whether to comply" with that request and "immediately notify the person making" the request of the agency's decision and its reasons for that decision. *Id.* § 552(a)(6)(A)(i). If an agency denies a request for records, the individual whose request was denied is entitled "to appeal to the head of the agency." *Id.* § 552(a)(6)(A)(iii)(aa). FOIA requires the agency, as a general rule, to adjudicate the appeal within 20 working days. *Id.*, § 552(a)(6)(A)(ii).

In addition to authorizing an administrative appeal, FOIA also creates a federal cause of action for requesters who are improperly denied access to agency records. 5 U.S.C. § 552(a)(4)(B). Section 552(a)(4)(B) authorizes a district court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* "In the typical case, the requester can file suit only after exhausting this administrative appeal process." *Empower Oversight*, 122 F.4th at 100. Where, however, the agency fails to meet its 20-day deadline for responding to a request for records or for adjudicating an administrative appeal, "the requester deemed to have exhausted his administrative remedies." *Id.*; 5 U.S.C. § 552(a)(6)(C)(i).

"This constructive administrative exhaustion, and resulting ability to begin litigation, is the *exclusive remedy* for the failure of an agency to respond in a timely

<div align="center">9</div>

manner." *Empower Oversight*, 122 F.4th at 100 (emphasis added). As the Fourth Circuit recently explained, "FOIA is not a vehicle by which to bring a collateral attack on the legality or constitutionality of broader agency policy." *Malone v. U.S. Patent & Trademark Office*, 175 F.4th 262, 271 (4th Cir. 2026). Instead, "[i]n FOIA, production of documents is the beginning and end of the claim." *Id.* (cleaned up).

**C.      Because USCIS has produced all requested records and explained its reasons for the limited redactions the agency applied, Devoid has been granted all relief he seeks in his complaint and this matter is moot.**

"Standing to sue has been described by the Supreme Court as the 'irreducible constitutional minimum' that must be satisfied in all federal cases." *Lowy v. Daniel Defense, LLC*, 167 F.4th 175, 193 (4th Cir. 2026) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The standing doctrine, that Court has explained, "tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Diamond Alt. Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 111 (2025).

Article III standing requires (1) an injury in fact that is "concrete and particularized"; (2) "a causal connection between the injury and the conduct complained of," such that the injury is "fairly traceable to the challenged action of the defendant"; and (3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. If a plaintiff lacks a personal stake in the outcome of the litigation, "the action must be dismissed as moot" because "a case or controversy ceases to exist, the litigation is moot, and the court's subject matter

10

jurisdiction ceases to exist also." *Hierholzer v. Guzman*, 125 F.4th 104, 112 (4th Cir. 2025) (cleaned up).

This Court lacks subject-matter jurisdiction over Devoid's claims and this Court should grant the United States' motion for judgment on the pleadings because each of Devoid's claims depends on an unreasonable delay in the production of records in response to his FOIA request, and USCIS has now produced all of the requested records, totaling more than 430 pages. In March, the agency produced all of its manuals related to the long-defunct HAVEN system. Panter Decl. ¶ 15. USCIS has also provided a *Vaughn* index, identifying its reasons for each of the limited redactions it applied. *See Vaughn* index.

These actions grant all of the relief Devoid requests in his complaint, rendering this action moot. In his complaint, Devoid asks this Court to (1) "enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA request"; (2) order USCIS to make a determination on his appeal as required by FOIA; (3) order USCIS to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to Devoid's FOIA request, all segregable records responsive to said request, and provide indices justifying the withholding of any responsive records under a FOIA exemption; and (4) order USCIS to determine which, if any, portions of records responsive to Devoid's request are in fact exempt and justify the exemption, and require USCIS to release the remaining portions of the agency records. Pl. Compl., ECF No. 1 at 11. USCIS has now produced "all non-exempt

records responsive to" Devoid's FOIA request. *See id.* It has "determine[d] which, if any, portions of records responsive to Plaintiff's request are in fact exempt" and it has "justif[ied] the exemption" and "release[d] the remaining portions of the agency records." *See id.* Finally, the agency has "provide[d] indices justifying the withholding of any responsive records under a FOIA exemption." *See id.* The agency has, therefore, granted all prospective relief requested by Devoid.

Devoid also asks this Court to declare that USCIS's failure to produce records responsive to his FOIA request and to decide his appeal within the statutory timeframe "violates FOIA." *Id.* Devoid, however, has already received the exclusive remedies for these alleged FOIA violations: The agency produced its records responsive to his FOIA request and indexed the records it withheld. *See* 5 U.S.C. § 552(a)(4)(B). And Devoid was permitted to begin this litigation before USCIS issued its decision or produced the records. *See Empower Oversight*, 122 F.4th at 100. There is no other remedy available to Devoid under FOIA. Consequently, his claims are moot, and this Court should enter judgment in favor of USCIS.

**II.     This Court should grant the United States' motion for summary judgment because there is genuine issue of material fact and the United States is entitled to judgment as a matter of law.**

### A.     Rule 56 standard

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

12

**B.     The evidence before the Court establishes that USCIS is entitled to judgment as a matter of law.**

Before the United States answered Devoid's complaint, USCIS produced all of the non-exempt records responsive to Devoid's FOIA request and explained its reasons for the limited redactions the agency made in 432 pages of records. In redacting certain information within the records, the agency relied upon FOIA exemptions that required those redactions. Because Devoid has obtained the relief he sought and because the undisputed evidence establishes that USCIS has complied with its responsibilities under FOIA, this Court should grant the United States' motion and enter judgment in favor of USCIS.

*1.     USCIS properly withheld information under Exemption 6.*

Although, as described above, the Freedom of Information Act generally requires the disclosure of agency records, subsection (b) of FOIA exempts from an agency's duty to disclose certain types of records. *See* 5 U.S.C. § 552(b). One of these categories is described in Exemption 6, which provides that the FOIA duty to disclose does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6).

Applying this exemption, USCIS properly redacted from the records disclosed to Devoid the email addresses and phone numbers of USCIS personnel. Panter Decl. ¶ 17; *Vaughn* index. This information falls squarely within the exemption's application to "personnel" files and "similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." As the agency has

13

explained, its employees have a strong privacy interest in this information because its release could lead to the harassment of its employees. *See* Panter Decl. ¶ 17. And there is no public interest in its employees' contact information because that information does not "shed light on how the agency is performing its duties." Panter Decl. ¶ 17. Because Exemption 6 plainly applies to this information and its disclosure would not serve the purpose of disclosing agency information that is "necessary to an informed electorate," *Coleman v. DEA*, 714 F.3d at 818, the withholding of this information is consistent with FOIA.

The United States has satisfied its burden when "measured by a standard of reasonableness." *Zaid*, 96 F.4th at 704. It has explained why the disclosure of this information could harm its employees and why its disclosure would not serve FOIA's purpose. Under the standard described by the Fourth Circuit in *Zaid* and *American Management Services*, the United States has established as a matter of law that it has reasonably and properly applied FOIA's Exemption 6.

   2.  *USCIS properly withheld information under Exemption 7(E).*

Exemption 7(E) of FOIA applies to "records or information compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations and prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7). The Fourth Circuit has recognized that "'even for well-known techniques or procedures, Exemption 7(E) protects information that would reveal facts about such techniques or their

14

usefulness that are not generally known to the public,' including details of their use or execution, 'as well as other information when disclosure could reduce the effectiveness of such techniques.'" *Grey v. Alfonso-Royals*, 140 F.4th 173, 179 (4th Cir. 2025) (quoting *Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1191 (11th Cir. 2019)). The Fourth Circuit has also held that this exemption applies to "law enforcement techniques and procedures without requiring the government to show that disclosure can reasonably be expected to risk circumvention of the law." *Id.* The requirement that the disclosure could reasonably be expected to risk circumvention of the law applies only to the disclosure of "guidelines," not to the disclosure of "techniques and procedures." *Id.*

USCIS properly applied Exemption 7(E) and excluded information on three pages out of the 432 pages released. *See Vaughn* Index; Panter Decl. ¶ 21. That information, as USCIS's Chief FOIA Officer describes in his declaration, describes technical information about how USCIS systems interact with a database management system USCIS uses as part of its enforcement of the Immigration and Nationality Act. Panter Decl. ¶ 21. Even though the HAVEN database Devoid seeks information about has not been used in more than 10 years, USCIS still uses the coding used in the HAVEN database. *Id.* And the disclosure of the information withheld would allow an outside user to develop coding that would interfere with the security of USCIS's systems, interfering with USCIS's ability to enforce the United States' immigration laws. *Id.*

<div align="center">15</div>

The need to protect the integrity of law-enforcement databases is at the heart of why Exemption 7(E) exists, and USCIS is a law-enforcement agency. *See Grey*, 140 F.4th at 180 (upholding USCIS's withholding of its techniques and procedures under Exemption 7(E)). USCIS has applied the FOIA exemptions sparingly, redacting information on only two pages out of 432 under Exemption 7(E). The agency has provided a cogent and reasonable explanation for these redactions.

As with its application of Exemption 6, the United States has satisfied its burden to justify the application of Exemption 7(E) to information on three of the 432 pages it released to Devoid. The United States has explained why the disclosure of this information "would generally interfere with enforcement" of its immigration laws. *Zaid*, 96 F.4th at 704. FOIA does not require perfect clairvoyance by the agency or a description of the materials withheld more specific than USCIS provided to Devoid. *See id.* Because USCIS has satisfied FOIA's standard of reasonableness, the United States properly applied Exemption 7(B) as a matter of law.

## CONCLUSION

Because the facts alleged in Plaintiffs' complaint, along with the exhibits provided by both parties, establish that USCIS has released all of the non-exempt records Devoid requested and there is no more remedy for this Court to provide, Devoid's claims are moot. This Court should, therefore, dismiss Devoid's complaint for lack of subject-matter jurisdiction. Even if Devoid's claims were not moot, there is no genuine issue of material fact, and the United States is entitled to judgment as

16

a matter of law as to each of Devoid's FOIA claims.  This Court should, therefore, grant the United States' motion for summary judgment, if it determines that it has subject-matter jurisdiction.

Respectfully submitted, this 11th day of June, 2026.

<div style="margin-left:45%">

RUSS FERGUSON
UNITED STATES ATTORNEY

s/Amy E. Ray
Assistant United States Attorney
N.C. Bar No. 22762
Room 233, US Courthouse
100 Otis Street
Asheville, NC 28801
Tel: 828-259-0662
Fax: 828-271-4327
E-Mail: Amy.Ray@usdoj.gov

</div>

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.     No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.     Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 11th day of June, 2026.

s/Amy E. Ray
Assistant United States Attorney