UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-CV-423-MOC-WCM

Alexander Devoid,

     Plaintiff,

     v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

     Defendants.

## DECLARATION OF JARROD PANTER

I, Jarrod Panter, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Acting Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act Office, of the National Records Center, for the United States Citizenship and Immigration Services (USCIS).

2. I received my Masters of Public Administration in 2008 from the University of Kansas. I joined USCIS in 2009 as a Government Information Specialist at the National Records Center. In 2012, I began serving as a Supervisory Government Information Specialist. Eleven years later, in 2023, I was promoted to Section Chief of the Significant Interest Group. I have held the position of Acting Associate Center Director since April 14, 2024.

3. As the Chief FOIA Officer for USCIS, I work with over 200 information-access professionals. These civil servants are responsible for the

orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the Freedom of Information Act, the Privacy Act, executive orders, departmental directives, regulations, and compulsory legal processes.

4. As the Acting Associate Center Director of the USCIS FOIA Office, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.

4. This declaration is submitted in support of Defendant's Motion for Summary Judgment. The statements contained in this declaration are based on my personal knowledge, my review of relevant documents maintained by USCIS in the course of ordinary business, and information provided to me by other USCIS employees in the course of my official duties.

## USCIS'S STANDARD FOIA OPERATING PROCEDURES

5. USCIS routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and DHS Freedom of Information Act Compliance Policy Directive 262-11.

6. Because of the overwhelming number of FOIA requests received by USCIS and the need to process FOIA requests fairly and expeditiously, the agency has adopted a policy of processing such requests on a first-in/first-out basis. USCIS has also promulgated and implemented a regulation providing for expedited processing of requests under specific circumstances. And USCIS has adopted a multi-track system of processing. This multi-track processing system not only allows the agency to process requests on a first-in/first-out basis within each track

but also permits the USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records. USCIS's first-in/first-out and multi-track processing is consistent with the requirements set forth in *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), and *Exner v. FBI*, 612 F.2d 1202 (9th Cir. 1980).

7. The majority of the FOIA and Privacy Act requests for information that USCIS receives are for immigration records located in an individual's Alien File (A-file). USCIS also receives, however, a significant volume of requests seeking other and sometimes voluminous records, such as USCIS policy documents. The FOIA request Plaintiff submitted fits into this latter category.

## USCIS'S SEARCH FOR RECORDS AND PROCESSING OF PLAINTIFF'S FOIA REQUEST

8. In February of 2021, Plaintiff submitted a FOIA request for "[t]he names of all tables and all columns of all databases stored within the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) system, including all manuals or data dictionaries associated with the HAVEN system." *See* Exhibit A.

9. Three days later, USCIS acknowledged Plaintiff's request. USCIS assigned it control number COW2021000640. *See* Exhibit B.

10. After reviewing Plaintiff's FOIA request, USCIS tasked the Service Center Operations Directorate to conduct a search responsive to Plaintiff's FOIA request. The Service Center Operations Directorate provides services for

individuals seeking immigration benefits while also ensuring the integrity and security of our immigration benefits system.

11. After reviewing Plaintiff's FOIA request, the Service Center Operations Directorate informed the NRC that the HAVEN system was decommissioned in 2015. The Directorate reported, however, that the Office of Information Technology might have an archive of the system and its accompanying manuals.

12. The National Records Center tasked the Office of Information Technology to search for records responsive to Plaintiff's records request. The Office of Information Technology found manuals for the decommissioned HAVEN system, and those manuals were produced to Plaintiff.

13. In late July of 2025, USCIS responded to Plaintiff's FOIA request by denying it in full under FOIA Exemptions B5 and B7E, *see* 5 U.S.C. § 552(b)(5), (b)(7)(E), because the records were marked draft and contained system coding and system navigation information.

14. Although the agency initially denied Plaintiff's FOIA request, it later conducted a second assessment of the materials and conducted additional research into the use of the HAVEN database. USCIS determined that the B5 and B7E exemptions largely did not apply anymore because the system had been decommissioned.

15. On March 17, 2026, USCIS reproduced the HAVEN manuals to Plaintiff largely unredacted except as described below. The records produced to

Plaintiff were 432 pages, of which information on 33 pages was partially or wholly redacted.

**FOIA EXEMPTIONS APPLIED**

Exemption 6

16.     Exemption 6 of FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  See 5 U.S.C. § 552(b)(6).

17.     USCIS withheld information from Plaintiff under Exemption 6 that is related to USCIS employees who did not consent to the information's release.  The withheld information consists of the e-mail addresses and phone numbers for agency personnel.  There is a strong privacy interest in this material because its release could enable members of the public to harass these individuals.  Additionally, there is no public interest in this information because it does not shed light on how the agency is performing its duties.  USCIS determined, therefore, that disclosure of this information would constitute a clearly unwarranted invasion of personal privacy that is not outweighed by any public interest in the material.  Each invocation of Exemption 6 is described in greater detail in the attached *Vaughn* index attached as Exhibit G.  *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

Exemption 7

18.     Exemption 7 of FOIA establishes a threshold requirement, which must be met in order for certain information in the records subject to this litigation to be withheld on the basis of subpart (b)(7)(E).  *See* 5 U.S.C. § 552(b)(7)(E).  Specifically,

the redactions at issue must be contained within a record compiled for a law enforcement purpose.

19.     The information USCIS redacted from the records produced to Plaintiff under FOIA Exemption (b)(7) satisfies this threshold requirement.  The Immigration and Nationality Act, codified under Title 8 of the U.S. Code, charges the Secretary of Homeland Security with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions.  *See* 8 U.S.C. § 1103.  USCIS is responsible for enforcing federal immigration law, as described in the Act, through its adjudications of applications and petitions submitted to USCIS by individuals seeking immigration benefits from the United States government.  Thus, these records were compiled for law enforcement purposes.

<u>Exemption 7(E)</u>

20.     Exemption 7(E) protects law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law.  See 5 U.S.C. § 552(b)(7)(E).

21.     As explained in more detail in the *Vaughn* Index, USCIS withheld information on pages 268 and 304–305 because that information describes technical specifications for how USCIS systems interact with a relational database management system that USCIS uses as part of its enforcement responsibilities

under the Immigration and Nationality Act.  This type of coding was used with the now decommissioned HAVEN database, but it is also used with active USCIS database systems.  If disclosed, this information would allow an outside user to develop coding to interfere with the security of USCIS systems and thereby interfere with USCIS's ability to enforce the immigration laws of the United States. USCIS must protect the integrity of the data within its systems, and this foreseeable harm is why the information was properly withheld. All other information was segregated and released.

I declare the foregoing is true and correct to the best of my knowledge and belief, under penalty of perjury, pursuant to 28 U.S.C. § 1746.

Executed in Lee's Summit, Missouri, on this 9th day of June 2026.

JARROD T PANTER
Digitally signed by JARROD T PANTER
Date: 2026.06.11 07:23:35 -05'00'

JARROD PANTER
Chief FOIA Officer
Freedom of Information Act & Privacy
    Act Unit
USCIS National Records Center

# Digital Request (Other) COW2021000629REQ

## Description of Records Requested

**Purpose**: To Whom It May Concern:  Pursuant to the Freedom of Information Act, I hereby request the following records:  The names of all tables and all columns of all databases stored within the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) system, including all manuals or data dictionaries associated with the HAVEN system.  As the requested information will be used as the foundation for future requests, please expedite this request to that those future requests can be submitted ASAP.  The requested documents will be made available to the general public, and this request is not being made for commercial purposes.  In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.  Thank you in advance for your anticipated cooperation in this matter.  I look forward to receiving your response to this request within 20 business days, as the statute requires.  Sincerely,  Alex Devoid Arizona Daily Star

## *Requestor's Full Name*

| | |
|---|---|
| Family Name (Last Name) | Devoid |
| Given Name (First Name) | Alexander |
| Middle Name | David |
| Organization | Arizona Daily Star |

## *Requestor's Mailing Address*

| | |
|---|---|
| In Care of Name | -- Select One -- |
| Address | ▮▮▮▮▮▮▮ |
| City or Town | ▮▮▮▮▮▮▮ |
| State | NC |
| Zip Code | ▮▮▮▮▮ |
| Province | |
| Postal Code | |
| Country | UNITED STATES |

## *Requestor's Contact Information*

| | |
|---|---|
| Requestor's Daytime Telephone Number | |
| Requestor's Mobile Phone Number | +1 ▮▮▮▮▮ |
| Requestor's Email Address | ▮▮▮▮▮▮▮▮▮ |

## Processing



# Digital Request (Other) COW2021000629REQ

Fees                                    Fee waiver requested

Circumstances                    - An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information.



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

February 19, 2021

**U.S. Citizenship and Immigration Services**

COW2021000640

Alexander Devoid

 NC ███████

Dear Alexander Devoid:

We received your request for information relating to the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) system.

You specifically request: The names of all tables and all columns of all databases stored within the Humanitarian Adjudication for Victims Enterprise Nationwide (HAVEN) system, including all manuals or data dictionaries associated with the HAVEN system.

Your request was received in our office on February 16, 2021. We may need to contact you at a later date to discuss the scope of your request.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2021000640.  Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2).

Based on the information you provided, we have determined that expedited processing of your request is not warranted. The Department of Homeland Security Freedom of Information Act regulation at 6 C.F.R. § 5.5(e)(1) requires that you demonstrate that your request warrants expedited treatment because it involves:

> (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
> (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;
> (iii) The loss of substantial due process rights; or
> (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

Additionally, 6 C.F.R. § 5.5(e)(3) requires that a requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing. Furthermore, requests for expedited processing that are based on paragraph (e)(1)(iv) of this section must be submitted to the Senior Director of FOIA Operations, the Privacy Office, U.S. Department of Homeland Security, 245 Murray Lane SW STOP-0655, Washington, D.C. 20598-0655. If you can demonstrate any further showing as to the nature and degree of (i), (ii), or (iii) of the above categories, please submit this additional information to this office for reconsideration.

You have the right to file an administrative appeal within 90 days of the date of this letter.  By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your

request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Terri White, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies.  The OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Your request for a fee waiver has been granted.

Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we may request that additional information be provided to

facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online at first.uscis.gov/#/check-status. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at (800) 375-5283. Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Questions concerning this FOIA/PA request may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead or emailed to USCIS.FOIA@uscis.dhs.gov. Please include the control number listed above on all correspondence with this office. You can now submit a new FOIA request online using our new Freedom of Information Act Records SysTem (FIRST). If you wish to submit a new FOIA/PA request, please visit www.uscis.gov/FOIA for instructions and requirements.


Sincerely,

Terri White
Acting Director, FOIA Operations

| Page | Description | Exemption | Justification |
|---|---|---|---|
| 2, 5,7, 15, 20, 21, 28-38, 98, 103, 107, 117-121, 126, 129, 255, 259, 263, 410 | | B6 | Staff level employee names, emails, and phone numbers were withheld under FOIA exemption B6. |
| 304-305 | The information withheld is sample coding used for building applications in USCIS systems. | B7E | This information was withheld under FOIA exemption B7E. The USCIS Directory Services platform provides a centralized Lightweight Directory Access Protocol (LDAP) directory that is directly leveraged by the USCIS end users as a primary directory authentication platform, as well as application systems that provide USCIS with capabilities extending to a single authoritative authentication and identification mechanism. The information withheld is sample coding for an authentication application in LDAP. This information if disclosed would allow an outside user to develop coding to interfere with the security of USCIS systems and thereby interfere with USCIS's ability to enforce the immigration laws of the United States. USCIS must protect the integrity of the data within its systems, and this foreseeable harm is why the information was properly withheld. All other information was segregated and released. |