IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-CV-423-MOC-WCM

ALEXANDER DEVOID

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVUSCISS,

Defendant.

**UNITED STATES' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The United States has also moved this Court, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56 because there exists no genuine issue of material fact and the United States is entitled to judgment as a matter of law on Plaintiff Alexander Devoid's claims under the Freedom of Information Act, 5 U.S.C. § 552. For the reasons described below, this Court should grant the United States' motion for summary judgment and enter judgment in favor of the United States and against Plaintiff Alexander Devoid. [1]

[1] The United States also moved this Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because Plaintiff Alexander Devoid's claims are now moot and there is no longer a case and controversy. Devoid argues in response that this Court should deny the United States' motion for judgment on the pleadings because the United States relied in its motion on matters outside the pleadings. *See* ECF 18 at 1, 5–6. The United States relied, for example, on the June 11, 2026, declaration of Jerrod Panter, Defendant United States Citizenship and Immigration Services' Chief FOIA Officer, and an index of the limited

## BACKGROUND

As described in the United States' brief in support of its motion for summary judgment, on March 17, 2026, before the United States filed its answer, Defendant United States Citizenship and Immigration Services (USCIS), produced all of the HAVEN records responsive to Devoid's FOIA response. Devoid Production attached as Ex. 1; Panter Decl. ¶ 15; FOIA 3/17/26 Release Ltr. attached as Ex. 2 to ECF 17. The agency redacted part or all of the information on 33 of the 432 pages of records, applying two of FOIA's nine exemptions. *See* Ex. 1; Panter Decl. ¶ 15; *Vaughn* Index, Panter Decl. Ex. G; *see also* 5 U.S.C. § 552(b).

First, USCIS withheld employees' and stakeholders' names under FOIA's Exemption 6. Ex. 1; Panter Decl. ¶ 17; Ex. 2 to ECF 17. FOIA Exemption 6 applies

---

redactions to the production, consistent with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

This Court has recognized that when a defendant moves to dismiss a complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a trial court may go beyond the allegations of the complaint "to decide disputed issues of fact with respect to subject matter jurisdiction" without "converting the motion to a summary judgment proceeding." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The United States asked this Court to grant the United States judgment on the pleadings based on a lack of subject-matter jurisdiction and relied on matters outside of the pleadings, believing that the rationale in *Kerns* would also apply to a Rule 12(c) motion for judgment of the pleadings. Although the rationale in *Kerns* should apply in the context of a Rule 12(c) motion, the United States has not identified any authority applying *Kerns* in this context.

Because there exists no genuine issue of material fact as to the adequacy of USCIS's FOIA disclosures and its application of Exemptions 6 and 7(E) under FOIA, the United States is content to rest on its Rule 56 motion for summary judgment and withdraws its reliance on Rule 12(c).

to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Applying this exemption, USCIS determined that USCIS employees and at least one stakeholder had a strong privacy interest in their personal contact information and that there was no public interest in the information because it did "not in any way shed light on how the agency is performing its duties." Panter Decl. ¶ 17.

Second, USCIS redacted information on two pages of the produced records under FOIA's exemption 7(E). *See* Ex. 1 at 304–05; *Vaughn* Index; *see* 5 U.S.C. § 552(b)(7)(E). This exemption requires the redaction of records compiled for a law-enforcement purpose and which "would disclose techniques and procedures" or "guidelines" for law enforcement investigations or prosecutions, "if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The information USCIS redacted on pages 268, 305, and 306 of the produced records "describes technical coding and navigation specifications for how USCIS systems interact with a relational database management system that USCIS uses as part of its enforcement responsibilities under the Immigration and Nationality Act." Panter Decl. ¶ 21. Although the HAVEN system has not been used in more than 10 years, the "type of coding" used in the HAVEN system is still used with active USCIS database systems, risking the possibility that an outside user could "develop coding to interfere with the security of USCIS systems." *Id.* Such interference would hinder "USCIS's ability to enforce immigration laws, so the agency redacted the information." *Id.*

On June 4, USCIS released to Devoid one of the pages it had previously withheld. FOIA 6/4/26 Supp. Release Ltr. attached as Exhibit 3 to ECF 17. The agency explained that it was releasing this page after completing a "re-review of pages" previously withheld. *Id.*

## ARGUMENT

**The United States is entitled to summary judgment because there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law.**

### A. Rule 56 standard

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B. Agency disclosure responsibilities under the Freedom of Information Act

As described in the United States' brief in support of its motion for summary judgment, FOIA requires agencies, upon any request for records which reasonably describes such records and otherwise complies with FOIA's request procedures, to make those records available. 5 U.S.C. § 552(a)(3)(A); *Zaid v. Dep't of Justice*, 96 F.4th 697, 703 (4th Cir. 2024). "[B]ecause public disclosure is not always in the public interest," the statute also "contains nine exemptions that reflect a wide array of concerns and are designed to safeguard various public interests against the harms that would arise from overbroad disclosure." *Am. Mgmt. Serv., LLC v. Dep't of the Army*, 703 F.3d 724, 728–29 (4th Cir. 2013) (cleaned up); 5 U.S.C. § 552(b). "FOIA exemptions are to be narrowly construed." *FBI v. Abramson*, 456 U.S. 615,

630 (1982). And the United States has "[t]he burden of demonstrating that a requested document falls under an exemption." *Hunton & Williams v. DOJ*, 590 F.3d 272, 277 (4th Cir. 2010).

"[T]he government's showing," however, "is to be measured by a standard of reasonableness, which takes into account the lack of certainty in attempting to predict harm while providing an objective test." *Zaid*, 96 F.4th at 704. The United States satisfies its burden when it describes "the withheld material with reasonable specificity" and explains "how it falls under one of the enumerated exemptions." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004); *see also Driggs v. Central Intel. Agency*, No. 25-2177, — F.4th —, 2026 WL 2235297, at *3 (4th Cir. Aug. 4, 2026). The agency does not need to establish that Exemption 7(E) applies "to each record withheld." *Zaid*, 96 F.4th at 704. "The Supreme Court has held that the exemption may be invoked on a categorical or 'generic' basis by grouping records into categories and explaining how each category would generally interfere with enforcement proceedings." *Id.* (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223–24 (1978)). "Whether a document falls within a prescribed exemption" is "a question of law." *Am. Mgmt. Serv.*, 703 F.3d at 729.

Importantly, "[a] court may enter summary judgment on the basis of agency affidavits attesting that an exemption applies if the affidavit is 'relatively detailed' and 'submitted in good faith.'" *Driggs*, 2026 WL 2235297, at *3 (quoting *Simmons v. U.S. Dep't of Justice*, 796 F.2d 709, 712 (4th Cir. 1986)). "When there is no reason

to question the good faith of the agency, then a court is entitled to accept the credibility of the affidavits." *Driggs*, 2026 WL 2235297, at *3 (cleaned up).

### C. The evidence before the Court establishes that the United States is entitled to judgment as a matter of law.

In his response to the United States' motion for summary judgment, Devoid does not challenge the adequacy of USCIS's search for records. *See* ECF 18. He also does not contest that the agency produced all of its records related to the HAVEN program. *See id.* Devoid's only challenge is to the agency's redaction of certain information under one of the two FOIA exemptions that USCIS applied. As the evidence establishes, however, USCIS has produced all non-exempt records responsive to Devoid's FOIA request and has explained its reasons for the redactions in the produced records.

#### 1. *USCIS properly withheld information under Exemption 6.*

First, USCIS properly redacted the names of its employees and one business/stakeholder described in the produced records. *See Vaughn* Index. As described above, Exemption 6 provides that the FOIA duty to disclose does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Fourth Circuit has explained that "[t]here are two steps to determining whether exemption six applies." *Empower Oversight*, 122 F.4th at 106.

First, a court "must determine whether the redacted information is the type of 'similar file' shielded from disclosure." *Id.* When making this first determination, a court is to apply "a broad meaning to the word, 'file,'" such that

"similar files" includes "all files which contain information about a particular individual." *Id.* Agency employees' identities and email addresses "clearly fall within the ambit of exemption six." *Id.* at 107.

Second, a court "must determine if releasing that information would constitute an unwarranted invasion of privacy interests." *Id.* at 106. In making this second determination, a court "employ[s] a balancing test that weighs the individual's privacy interests against the public interest in disclosure." *Solers, Inc. v. IRS*, 827 F.3d 323, 332 (4th Cir. 2016).

Applying that exemption, USCIS properly redacted from the records disclosed to Devoid the names, contact information, and other identifying information of USCIS employees. For example, on pages 2, 20, 98, 117–21, 255 of the produced records, USCIS redacted the names of the authors of the document; on pages 5, 126, and 259 the agency redacted the names of HAVEN Program or Project Managers, leaving the title but omitting the names; on page 7, the agency redacted the name of a "business owner, stakeholder"; on page 15, USCIS redacted the names, role, and phone numbers of the "major participants" on HAVEN's Concept of Operations development team; on pages 21, 103, and 129 USCIS redacted the names, title, and role of USCIS employees who were "major participants" in some portion of the program, designating some as signatories; on pages 28–38, USCIS redacted the names or the names, title or role, email addresses, phone numbers, and organization of Points of Contact; on page 107, USCIS redacted the name of the person responsible for completing the task identified as "Train the Trainer"; USCIS

redacted on pages 126 and 259 the names of a Project Manager; and on page 410 of the records, the agency redacted the email and phone number of the USCIS Service Desk. Ex. 1.

All of this USCIS employee information "clearly falls within the ambit" of Exemption 6, revealing "personnel file" information or other "information about a particular individual." *See Empower Oversight*, 122 F.4th at 106–07. As Jarrod Panter, USCIS's Chief FOIA Officer, credibly explained, USCIS employees have a strong privacy interest in their contact and personally identifiable information because "its release could enable members of the public to harass these individuals.' Panter Decl. ¶ 17. The first part of the Exemption 6 test is, therefore, satisfied.

At the second step of the Exemption 6 analysis, USCIS also reasonably determined that its employees' privacy interests outweighed the public interest in the disclosure" of this personal information. *Solers, Inc.*, 827 F.3d at 332. As Panter explained in his declaration, disclosure of USCIS employees' personally identifiable information and the other information redacted under Exemption 6 serves "no public interest" because "it does not shed light on how the agency is performing its duties." Panter Decl. ¶ 17. Devoid has not explained how the names of employees or the name of a single business owner/stakeholder, the emails of employees, the roles some of those employees held in December of 2010 when the records were created, or the phone numbers of those employees shed any meaningful light on how HAVEN operated or how USCIS is performing its duties. Particularly when "the HAVEN system was decommissioned in 2015," Panter Decl.

¶ 11, it is hard to imagine what interest the public currently has in the personally identifiable information or employment information of agency employees or one stakeholder. And Devoid has not identified any public interest to be served by these disclosures. That omission alone justifies summary judgment in the United States' favor.

This Court should reject Devoid's assertion that the agency erred in redacting this information under Exemption 6. Although Devoid suggests that USCIS erred by applying a "categorical methodology," ECF 18 at 10, the Fourth Circuit has held that the names and contact information of agency employees "clearly fall" within the ambit of Exemption 6, *Empower Oversight*, 122 F.4th at 106. USCIS did not, as Devoid asserts, apply "a document-based, categorical justification" akin to the distinctions the District of Columbia Circuit rejected in *Prison Legal News v. Samuel*, 787 F.3d 1142 (D.C. 2015). In that case, the Bureau of Prisons, subject to a FOIA request seeking information about money the BOP had paid in connection with lawsuits and claims over a seven-and-a-half-year period, failed to distinguish between the privacy interests of victims and the privacy interests of perpetrators. *Id.* at 1150. The agency also failed to distinguish between the public's interest in different categories of information. *Id.* at 1151. And the agency treated the same categories of information inconsistently, disclosing some names of individuals accused of wrongdoing, while redacting others. *Id.* at 1150. *Prison Legal News* offers Devoid no assistance, both because the Fourth Circuit has endorsed the

redactions applied in this case and because the challenged redactions in *Prison Legal News* bear no resemblance to the challenged redactions in this case.

This Court should also reject Devoid's suggestion that USCIS's single redaction of the name of a business owner/stakeholder violates FOIA because that individual or business is not a USCIS employee. First, based on Panter's declaration and all of the other redactions, it is a reasonable inference that the information redacted identifies an individual, either explicitly or implicitly. Second, the Fourth Circuit has upheld the application of Exemption 6 to identifying information of an individual who is not an agency employee. *See Empower Oversight*, 122 F.4th at 107 (upholding the redaction of the identity of a Wuhan University researcher, even though the plaintiff argued that knowing this researcher's identity could lead to information about the origin of the COVID-19 pandemic).

Because Exemptions 6 plainly applies to the information USCIS redacted under Exemption 6 and its disclosure would not serve the purpose of disclosing agency information that is "necessary to an informed electorate," *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 818 (4th Cir. 2013), FOIA authorizes the agency's withholding of this information. The United States has satisfied its burden when "measured by a standard of reasonableness." *Zaid*, 96 F.4th at 704. Through Dr. Clark's affidavit and the agency's *Vaughn* index, USCIS credibly and specifically explained why the disclosure of this information could harm its employees and why its disclosure would not serve FOIA's purpose. Under the

standard recently described by the Fourth Circuit in *Driggs*, the United States satisfied its burden to reasonably apply FOIA's exemptions. *See Driggs*, 2026 WL 2235297, at *3. The United States has, therefore, established as a matter of law that it has reasonably and properly applied FOIA's Exemptions 6.

2. *USCIS properly withheld information under Exemption 7(E).*

Exemption 7(E) of FOIA applies to "records or information compiled for law enforcement purposes" that would disclose techniques, procedures, or guidance for law-enforcement investigations or prosecutions, "if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7). The Fourth Circuit has recognized that "'even for well-known techniques or procedures, Exemption 7(E) protects information that would reveal facts about such techniques or their usefulness that are not generally known to the public,' including details of their use or execution, 'as well as other information when disclosure could reduce the effectiveness of such techniques.'" *Grey v. Alfonso-Royals*, 140 F.4th 173, 179 (4th Cir. 2025) (quoting *Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1191 (11th Cir. 2019)). The Fourth Circuit has also held that this exemption applies to "law enforcement techniques and procedures without requiring the government to show that disclosure can reasonably be expected to risk circumvention of the law." *Id.* The requirement that the disclosure could reasonably be expected to risk circumvention of the law applies only to the disclosure of "guidelines," not to the disclosure of "techniques and procedures." *Id.*

USCIS properly applied Exemption 7(E) and excluded portions of three of the 432 pages it produced. On pages 304 and 305, USCIS redacted "[t]he sample code" for information-technology applications related to Digital Information and Development. Ex. 1 at 302, 304–05. This sample code "allows for authentication" with "both IRMNET and CIS-1 AD users." Ex. 1 at 304. Panter explains in his declaration that this information "describes technical specifications for how USCIS systems interact with a relationship database management system that USCIS uses as part of its enforcement responsibilities under the Immigration and Nationality Act." Panter Decl. ¶ 21. Although the HAVEN database has been decommissioned, Panter explains, this coding "is also used with active USCIS database systems," and its disclosure "would allow an outside user to develop coding to interfere with the security of USCIS systems" and its "ability to enforce" immigration laws. *Id.*

USCIS has credibly explained why the disclosure of all of the redacted information "would generally interfere with enforcement" of its immigration laws. *Zaid*, 96 F.4th at 704. FOIA does not require perfect clairvoyance by the agency or a description of the materials withheld more specific than USCIS provided to Plaintiffs. *See id.* As the Fourth Circuit explained just last week, "the law only requires that [USCIS] fairly describe the content of the material withheld and adequately state its grounds for nondisclosure." *Driggs*, 2026 WL 2235297, at *4 (cleaned up). "Requiring more would risk disclosure of the very information [USCIS] seeks to protect." *Id.* Because USCIS has satisfied FOIA's standard of

reasonableness as described in *Zaid* and *Driggs*, it has properly applied Exemption 7(E) as a matter of law.

Although Devoid suggests that USCIS has not explained how its coding and database systems relate to law enforcement, the responsibilities of USCIS include the adjudications of immigrant visa petitions, naturalization petitions, and asylum and refugee applications. 6 U.S.C. § 271(b). Devoid also asserts that HAVEN was "a central repository for compiling and processing visa applications for victims of trafficking and certain crimes." ECF 18 at 2. USCIS's processing of visa applications, by definition, involves the enforcement of immigration laws, so any information that might compromise that system or, certainly, current USCIS data systems is fairly described as "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Devoid's suggestion that only Immigration and Customs Enforcement and Customs and Border Protection "enforce" immigration laws within the Department of Homeland Security defines "enforce" far too narrowly. Black's Law Dictionary defines "enforce" to mean to "give force or effect to (a law, etc.)" and "to compel obedience to." *Black's Law Dictionary* (12th ed. 2024). Under this definition, USCIS "enforces" immigration laws when the agency administers visa, asylum, refugee, and naturalization applications or petitions.

Additionally, a year ago, in September of 2025, the Department of Homeland Security amended its regulations to delegate expanded law-enforcement authority to USCIS. Codification of Certain U.S. Citizenship and Immigration Services Law Enforcement Authorities, 90 Fed. Reg. 42,797 (Sept. 5, 2025) (codified at 8 C.F.R. pt.

287). In explaining this expansion of authority, the Department recognized that USCIS already performed "critical work . . . integral to the enforcement of immigration laws by actively supporting and collaborating with the law enforcement community at all levels as well as civilly enforcing immigration laws through its adjudications." *Id.* at 42,799. To ensure, however, that Department resources were "being leveraged to their greatest capacity," the Secretary of the Department of Homeland Security had determined that USCIS would "assume a more engaged and proactive posture in the Department's efforts to enforce immigration laws." *Id.* "[T]he Secretary delegated to the Director of USCIS the authority to conduct additional law enforcement activities to enforce civil and criminal violations of immigration laws within the jurisdiction of USCIS." *Id.* at 42,799–800. This authority includes the authority to "arrest persons for crimes," to "execute search warrants," and to "carry firearms" and use "non-deadly force, deadly force . . . , and initiate a vehicular pursuit." *Id.* at 42,800–01; *see also* 8 C.F.R. § 287.5. If there were any doubt about USCIS's status as an agency engaged in law-enforcement activities, this 2025 additional delegation authority resolves that doubt.

The Court should also reject Devoid's suggestion that USCIS must more specifically explain its reasons for redacting its database coding information. Panter and the *Vaughn* Index explains that USCIS still uses the authentication platform to which the "sample coding" applies and that disclosure of this information "*would allow* an outside user" to "interfere with the security of USCIS

systems." Panter Decl. ¶ 21; *Vaughn* Index. This explanation is not difficult to understand: Even though HAVEN has long since been decommissioned, the authentication platform users of the system used is still active, and the information USCIS redacted, if disclosed, could compromise that authentication platform and the security of USCIS's information-technology systems. This justification well satisfies the standard required for application of Exemption 7(E).

## CONCLUSION

The facts alleged in Plaintiffs' complaint, along with the exhibits provided by both parties, establish that USCIS has released all of the non-exempt records Devoid requested and has satisfied its obligation under FOIA. Because there is no genuine issue of material fact, and the United States is entitled to judgment as a matter of law as to each of Devoid's FOIA claims, this Court grant the United States' motion for summary judgment.

Respectfully submitted, this 20th day of August, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/Amy E. Ray
Assistant United States Attorney
N.C. Bar No. 22762
Room 233, US Courthouse
100 Otis Street
Asheville, NC 28801
Tel: 828-259-0662
Fax: 828-271-4327
E-Mail: Amy.Ray@usdoj.gov